J-S23008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ARNOLD P. NELSON :
:
Appellant : No. 1243 EDA 2017

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015742-2009

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                        **FILED JULY 18, 2018**

Appellant, Arnold P. Nelson, appeals *pro se* from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On October 18, 2013, [Appellant] appeared before this court and entered a negotiated guilty plea to third-degree murder, 18 Pa.C.S. §2502(c), and possession of an instrument of crime, 18 Pa.C.S. §907.  The deceased was Jeffrey Jackson.  Pursuant to the plea agreement, [Appellant] was sentenced to 20 to 40 years in prison for third-degree murder to be followed by two and one-half to five years in prison for possession of an instrument of crime. [Appellant] did not file a direct appeal.
>
> On November 7, 2014 [Appellant] filed a pro-se PCRA Petition.  New counsel was appointed to represent [Appellant].

_____

* Former Justice specially assigned to the Superior Court.

New counsel filed a *Finley*[1] letter concluding that there were no meritorious issues. On March 24, 201[7] this [c]ourt dismissed the PCRA Petition as lacking merit. Counsel was permitted to withdraw. [Appellant] filed a timely pro-se notice of appeal to the Superior Court.

PCRA Court Opinion, 6/26/17, at 1-2. Appellant and the PCRA court complied

with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we repeat

verbatim:

I.    Did the P.C.R.A. Court err when it held that Plea Counsel was not ineffective and Appellant's plea was not entered knowingly, intelligently, and voluntarily where:

(a)    Counsel failed to move for a dismissal of the charges based upon a Rule 600 speedy trial violation where Appellant was not brought to trial prior to January 1, 2011."

(b)    Counsel misled Appellant to believe he was precluded from moving to dismiss the charges based upon Rule 600 because he was charged with homicide.

(c)    Counsel failed to consult with Appellant and discuss the evidence in the case thereby rendering Appellant unable to make a knowing and intelligent decision to plead guilty.

(d)    Counsel failed to advise Appellant of the grounds and his rights to suppress exculpatory evidence namely Appellant's statements.

(e)    Counsel erroneously advised Appellant that he would be guaranteed parole at his minimum sentence a condition the court nor prosecutor had authority to grant.

(f)    Counsel failed to investigate Appellant's history of black outs; Appellant's claim of self defense and Appellant's claim that his wife orchestrated an assault of the victim after

---

[1] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> his initial altercation with Appellant when Appellant was not present at the scene.

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Id*.

Appellant's claims include allegations of ineffective assistance of counsel:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). With regard to the second, reasonable-basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v.*

***Williams***, 899 A.2d 1060, 1064 (Pa. 2006).  "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012).  A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. ***Commonwealth v. Williams***, 863 A.2d 505, 513 (Pa. 2004).  "The burden of proving ineffectiveness rests with Appellant."  ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

Moreover, allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  ***Commonwealth v. Willis***, 68 A.3d 997, 1001–1002 (Pa. Super. 2013) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 1002 (citation omitted).  The law does not require that the defendant be pleased with the outcome of his decision to enter a guilty plea; all that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made.  ***Id.*** (citation omitted).  Finally, we point out that defendants are bound by statements made under oath at the guilty plea colloquy and may not assert grounds for withdrawing the plea that contradict

those sworn statements. ***Commonwealth v. Timchak***, 69 A.3d 765, 774 (Pa. Super. 2013) (citations omitted).

Appellant presents argument on issues I(a) and (b) together. Appellant asserts that "while typically he would not have a meritorious claim on a [sic] **Article 1 § 9 (Pa. Const)/Sixth Amendment (U.S. Const.)/Pa.R.Crim.P. Rule 600** speedy trial challenge due to amount of defense continuances, said claim is meritorious based upon Trial Counsel's clear ineffectiveness in failing to give a concise reason, or strategy for said continuances." Appellant's Brief at 9. Appellant maintains that the trial court violated Appellant's right to a speedy trial by 1,069 days. ***Id.*** at 9-10. Appellant contends that the violation resulted from the trial court's error, as well as counsel's mistake. ***Id.*** at 10. Specifically, Appellant argues that counsel had no reasonable basis for not filing a motion, requesting correction, or advocating for a speedy disposition to the matter. ***Id.*** Moreover, Appellant posits that he was prejudiced by counsel's "inaction due to Appellant's inability to come to trial within the allotted time of three-hundred sixty-five (365) days, and the inability to dismiss the information in its entirety based upon said inability." ***Id.*** Appellant asserts that due to counsel's ineffectiveness, "Appellant is entitled to a full vacation of his conviction, sentence, and judgment, and should be slated for immediate release." ***Id.***

We first note that Appellant fails to present any evidence supporting his claims that counsel failed to move for a dismissal on the basis of a Rule 600

violation or that counsel misled Appellant to believe that he was precluded from moving to dismiss charges on the basis of a Rule 600 violation because Appellant was charged with homicide. In fact, Appellant presents a vague calculation under Pa.R.Crim.P. 600, and goes so far as to acknowledge that a certain period that he included in the calculation "typically … does not count toward the calculation of Pa.R.Crim.P. Rule 600, [but] it has been included to support the overall conclusion." Appellant's Brief at 9 n.1. Further, Appellant concedes that "[t]he record will show that most continuances were charged to the defense." *Id.* at 9 n.2. Thus, Appellant's bald assertions are insufficient to prove counsel's ineffectiveness as it relates to Rule 600. *Rega,* 933 A.2d at 1018.

Moreover, there is no arguable merit to Appellant's claim. The Commonwealth filed Appellant's criminal information on January 5, 2010. Thus, Appellant's mechanical run date was January 5, 2011. This mechanical run date was adjusted[2] due to multiple defense-requested continuances that resulted in excludable time, including the following: 1) a ninety-two-day period of defense-requested continuance for further investigation between March 4, 2010, and June 4, 2010; 2) a sixty-nine-day period of defense-requested continuances for further investigation between July 7, 2010, and

---

[2] "The adjusted run date is calculated by adding to the mechanical run date, i.e., the date 365 days from the complaint, both excludable and excusable delay." *Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa. Super. 2015).

September, 29, 2010; and 3) an 886-day period of defense-requested continuances based on plea counsel's schedule between April 26, 2011, and September 27, 2013. Those 1,047 days, when added to the mechanical run date resulted in an adjusted run date of November 17, 2013.[3] Appellant pled guilty on October 18, 2013. Thus, no Rule 600 violation existed at the time of Appellant's plea. Accordingly, counsel could not have been ineffective for raising a meritless claim. **Paddy**, 15 A.3d at 442. **See Commonwealth v. Washington**, 927 A.2d 586, 603 (Pa. 2007) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."). Appellant is entitled to no relief on his first two claims.

Next, Appellant argues that counsel failed to consult with Appellant and discuss the evidence in the case, thereby rendering Appellant unable to make a knowing and intelligent decision to plead guilty. Appellant's Brief at 11. Despite listing this issue in his statement of questions involved and placing this statement in a heading above a section of his argument, the discussion provided in support does not pertain to that issue. **Id.** at 11. Instead,

---

[3] This calculation does not include periods of excusable time due to the trial court's schedule. **See Commonwealth v. Hunt**, 858 A.2d 1234, 1241 (Pa. Super. 2004) (judicial delay may be counted as excusable time if the Commonwealth is ready to proceed).

Appellant's argument asserts PCRA counsel's ineffectiveness for filing a *Turner/Finley*[4] letter. *Id.* at 11-12.

Claims not raised before the trial court cannot be considered for the first time on appeal. Appellant did not raise issues of PCRA counsel's ineffectiveness in his PCRA petition. "[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal." *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). Because Appellant did not raise issues of PCRA counsel's ineffectiveness in his PCRA petition, this claim is waived.

Furthermore, because Appellant failed to develop any argument in support of his claim that counsel failed to consult with Appellant and discuss the evidence in the case, that issue is also waived. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."). While this Court may overlook minor defects or omissions in a *pro se* appellant's brief, we will not act as his appellate counsel. *Id.* Here, Appellant's failure to develop a coherent legal argument in support of his claim results in waiver of this issue.

Appellant next argues that counsel failed to advise him "of the grounds and his rights to suppress exculpatory evidence namely Appellant's statements." Appellant's Brief at 13. Appellant further asserts:

_____

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Finley*, 550 A.2d 213.

> Appellant was not advised of his "right" to suppress the statement, and/or test the admissibility thereof in a suppression hearing, nor did Counsel explain that exculpatory evidence was utilized to "clear" an individual, if the statement suppression had occurred, said suppression would have been of an exculpatory nature.

*Id.* at 13 (footnote omitted).

Despite Appellant's references to suppression of his statements, he fails to identify the statement or statements he would have sought to suppress. We shall not assume the burden of searching the record in an attempt to guess at the statement or statements to which Appellant is referring. "[T]his Court will not become counsel for an appellant and develop arguments on an appellant's behalf." *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014). It is not this Court's responsibility to comb through the record seeking the factual underpinnings of a claim. *Id.* When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.*; Pa.R.A.P. 2101. Because Appellant failed to clarify the specifics of this claim, we find the issue waived. Pa.R.A.P. 2101.

Appellant next asserts that counsel erroneously advised him that he would be guaranteed parole. Appellant's Brief at 15. Appellant maintains that counsel informed him that "his liberty on parole was guaranteed upon the completion of his minimum date." *Id.* Appellant argues that not only was this information false, but it was a legal impossibility, thus calling into question counsel's competency. *Id.* Appellant contends that counsel was ineffective

for giving him false information and allowing him to plead guilty based on that false information. *Id.* at 16. Appellant maintains that had he known the facts, "he may never had accepted a plea bargain to begin with, allowing the outcome of the matter to have been dramatically different." *Id.*

Appellant makes bald assertions that counsel provided Appellant with inaccurate information regarding parole. Appellant, however, fails to develop his argument with any facts or citations to the record. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority and citation to the record. Pa.R.A.P. 2119. Again, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. *Samuel*, 102 A.3d at 1005. It was Appellant's responsibility to provide an adequately developed argument by identifying the factual bases of his claim and providing citation to and discussion of relevant authority and the record in relation to those facts. Because he has failed to do so, we find this issue waived. Pa.R.A.P. 2101.

Appellant's next issue includes multiple claims. Appellant first argues that counsel failed to investigate Appellant's history of "black-outs." Appellant's Brief at 17. Appellant further argues that counsel failed to call an expert medical witness "to explain the nuances of what a clinical diagnosis of momentary unconsciousness means and what such a diagnosis could have meant toward the outcome of the case." *Id.* Appellant maintains this expert testimony would have been relevant for the following purposes:

Appellant informed Counsel about the Black-outs and diagnosis of momentary unconsciousness, therefore, Counsel could have compelled Appellant's physician to testify, even if testimony were [sic] hostile. The physician's testimony would have provided a basis for the black-outs, any lack of time throughout the time-line of events, mental stability of Appellant to stand trial/enter a plea bargain, and any other medical information that competent counsel deemed relevant at the time. Ergo, such testimony would have not only been beneficial to the defense, yet would have modified the verdict entirely, which the lack thereof would clearly be prejudice.

*Id.* at 18-19. Appellant further asserts that if counsel had called the expert, other theories or defenses would have been unnecessary, as the physician could have shown that Appellant did not intelligently, knowingly, and voluntarily enter into a plea bargain. *Id.* at 19.

Appellant has failed to present any evidence that he, in fact, suffers from black-outs or that counsel failed to investigate Appellant's history of black-outs. Moreover, Appellant entered a plea in this case, and no trial was held. Thus, there was no opportunity for a medical expert to be called as a witness to provide any testimony or opinion regarding Appellant's alleged history of black-outs. Accordingly, Appellant has failed to establish that counsel was ineffective for failing to investigate Appellant's history of black-outs or for failing to call an expert to testify regarding this history. Appellant is entitled to no relief on this claim.

Finally, Appellant asserts that counsel failed to investigate his claim of self-defense and his assertion that his wife orchestrated an assault of the victim after his initial altercation with Appellant when Appellant was not

present at the scene. Appellant's Brief at 17. In support of this issue, Appellant provides the following argument:

> Assuming these defenses were pursued by Counsel, Appellant could have provided evidence that he was not present at the scene of the crime at the critical time of the death which would allow for an alibi defense to support his innocence. Furthermore, Counsel also ignored the alternate theory of the crime that Appellant's estranged wife committed the murder which would have cast serious doubts as to Appellant's alleged guilt.

*Id.* at 19.

Appellant failed to adequately develop his argument by identifying the factual bases of his claim and providing citation to and discussion of relevant authority and the record in relation to those facts. Pa.R.A.P. 2119. Because he has failed to do so, we find this issue waived. Pa.R.A.P. 2101.

Moreover, Appellant entered a plea. There was no trial in this case at which defense theories were developed or presented. Additionally, there was no finding of guilt because Appellant entered his guilty plea. Thus, Appellant has not established his claim of ineffective assistance of counsel on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/18

- 12 -